IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DEANDRE LAMONT WILLIAMS | * | |
| v. | * | CIVIL ACTION NO. WMN-13-3362 |
| WARDEN KATHLEEN GREEN *et al.* | * | |

******

**MEMORANDUM**

On November 5, 2013, Petitioner Deandre Lamont Williams filed the instant 28 U.S.C. § 2254 habeas corpus application attacking his conviction for second degree murder and related offenses entered in 2007.[1]  ECF No. 1.  On December 23, 2013, Respondents filed an Answer which solely addresses the timeliness of Petitioner's application.  ECF No. 4.  Petitioner was advised of his opportunity to file a reply.  ECF No. 5.  This he has done.  ECF No. 6.

Petitioner was convicted by the Circuit Court for Baltimore County, Maryland of second degree murder, first degree assault, and a related handgun offense.  ECF Nos. 4-1 & 4-2.  He was sentenced on February 21, 2007, to 50 years incarceration.  *Id*.  Petitioner noted a timely appeal. His conviction and sentence were affirmed by the Court of Special Appeals of Maryland in an unreported opinion on March 17, 2009.  ECF No. 4-2.  Petitioner's counseled Petition for Writ of Certiorari was denied by the Maryland Court of Appeals on June 19, 2009.  ECF No. 4-3. Accordingly, his convictions became final on September 17, 2009, when the time for seeking further review expired.  *See* Sup. Ct. R. 13.1 (petition for writ of certiorari to be filed no later than 90 days of judgment from which review is sought).

---

[1] The Petition, received on November 12, 2013, is dated November 5, 2013 and is deemed filed on that date.

On June 2, 2010, Petitioner submitted a collateral attack on his conviction pursuant to the Maryland Uniform Post-Conviction Procedure Act, Md. Code Ann., Crim. Pro. §§ 7-102 *et seq*. ECF No. 4-1.  He withdrew the petition, without prejudice, on August 29, 2011.  *Id*.  Petitioner filed another petition for post-conviction relief on December 21, 2011, which was denied on October 1, 2012.  *Id*.  Petitioner's application for leave to appeal the denial of post-conviction relief was denied by the Court of Special Appeals on July 31, 2013.  The court's mandate issued on August 30, 2013. ECF No. 4-4.

Title 28 U.S.C. § 2244(d)[2] provides a one-year statute of limitations in non-capital cases for those convicted in a state case.  This one-year period is, however, tolled while properly filed post-conviction proceedings are pending and may otherwise be equitably tolled.  *See* 28 U.S.C. §

---

[2] This section provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> > (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

2244(d)(2); *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000); *Gray v. Waters*, 26 F. Supp. 2d 771, 771-72 (D. Md. 1998), *app. dismissed*, 178 F.3d 1283 (4th Cir. 1999).

The statute of limitations began to run in Petitioner's case on September 17, 2009. On June 2, 2010, 258 days later, the limitations period was statutorily tolled by Petitioner's institution of post-conviction proceedings. The statutory tolling ceased, however, when Petitioner withdrew his post-conviction proceeding on August 29, 2011. An additional 114 days of the limitations period expired before Petitioner filed another petition for post-conviction relief and again statutorily tolled the limitations period. Thus, over one year had already elapsed (372 days) before Petitioner's second post-conviction petition was filed tolling the limitations period. After conclusion of his post-conviction proceedings and state review of same, another 67 days elapsed before Petitioner filed the instant case. In all, over 439 days elapsed, between Petitioner's judgment of conviction becoming final and the institution of this case, where no proceedings were pending to toll the limitations period.

In *Holland v. Florida*, 560 U.S. 631 (2010), the Supreme Court concluded that equitable tolling applies to the AEDPA's statute of limitations. *Id*. at 633. Specifically, the Court found that in order to be entitled to equitable tolling, the movant must show (1) that he has diligently pursued his rights and (2) that some extraordinary circumstance prevented the timely filing. *Id*. at 649. The question of whether equitable tolling applies hinges on the facts and circumstances of each particular case. *See Harris*, 209 F.3d at 329-30.[3]

Petitioner indicates that his claim should not be time barred because he was unaware of the one year limitations period. He states that his appellate attorney failed to inform him of the

---

[3] *See also Lusk v. Ballard*, Civ. No. 2:10cv5, 2010 WL 3061482 (N.D.W. Va. July 22, 2010) (holding Fourth Circuit's test for equitable tolling, as set forth in *Harris*, remains virtually unchanged after *Holland*).

deadline. ECF No. 6. Petitioner's pro se status and any attendant lack of knowledge of the law is not the type of extraordinary circumstance which would justify equitable tolling. *See Barrow v. New Orleans S.S. Ass'n*, 932 F. 2d 473, 478 (5th Cir. 1991) (refusing to apply equitable tolling where the delay in filing was the result of petitioner's unfamiliarity with the legal process or his lack of legal representation). In short, the Court does not find Petitioner's arguments for equitable tolling compelling. *See Rouse v. Lee*, 339 F.3d 238, 248-249 (4th Cir. 2003) (negligent mistake by party's counsel in interpreting AEDPA statute of limitations does not present extraordinary circumstances warranting equitable tolling); *Smith v. McGinnis*, 208 F.3d 13, 18 (2d Cir. 2000) (*pro se* status does not establish sufficient ground for equitable tolling); *Felder v. Johnson*, 204 F.3d 168, 171-173 (5th Cir. 2000) (lack of notice of AEDPA amendments and ignorance of the law are not rare and exceptional circumstances that warrant equitable tolling); *Francis v. Miller*, 198 F.Supp.2d 232, 235 (E.D.N.Y. 2002) (ignorance of the law and legal procedure is not so exceptional as to merit equitable tolling). Therefore, the Petition shall be dismissed as time-barred under 28 U.S.C. § 2244(d).

Under the amendments to Rule 11(a) of the Rules Governing Proceedings under Section 2254, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant . . . .  If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." In *Slack v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA  [certificate of appealability] should issue when the prisoner shows, at least, that . . . jurists of reason would find it debatable whether the district court was correct in its procedural

4

ruling." *Id.* at 484.  Petitioner does not satisfy this standard, and the Court therefore declines to issue a certificate of appealability.

      A separate Order follows.


  _7/23/14_____                              _____/s/_____
Date                                                        William M. Nickerson
                                                                Senior United States District Judge